## INTERNATIONAL SUPPLY CO. v. CHEMICAL PROCESS CO.

No. 29699. Feb. 10, 1942.

*122 P. 2d 137.*

M. A. Breckinridge, of Tulsa, for plaintiff in error.

Clarence Robison, of Shawnee, and Bohanon & Adams, of Oklahoma City, for defendant in error.

CORN, V. C. J. This is an action upon a contract of guaranty by which the guarantor, for a valuable consideration, agreed to pay the debt of another in a specified sum. Judgment for plaintiff, and the defendant appeals. The parties, appearing here in converse order, will be referred to as they appeared in the trial court.

The facts in the case are substantially as follows:

The plaintiff, Chemical Process Company, furnished certain chemicals and performed certain labor for one William S. Clark, who was the owner of certain oil and gas mining leases in Pottawatomie county, and thereafter perfected its lien for same. Subsequently an action was brought in the district court of said county, numbered 15806 and styled "Glenn Foster, Plaintiff, v. William S. Clark et al., Defendants," wherein it was sought to foreclose various mechanics' and materialmen's liens against the properties of the said William S. Clark. The Chemical Process Company intervened in that cause to recover judgment for $2,100, and to foreclose its lien for same. A receiver was appointed and took charge of said properties.

The defendant, International Supply Company, also intervened in said cause and sought the foreclosure of its mechanics' and materialmen's liens, and the foreclosure of certain chattel mortgages covering personal property on the leases, against which the Chemical Process Company was asserting a lien.

During the process of receivership of these properties, it was proposed that a loan be obtained from the Sayre Oil Company and Heller & Company of Chicago, Ill., for the sum of $25,000, this money to be used to pay off mechanics' and materialmen's liens, which constituted first and prior liens. The first liens against the properties totaled $51,000. All the lien claimants agreed to discount their claims proportionately, in order to get some cash and to get the leases out of receivership, but when it was discovered that such loan would be insufficient to satisfy all these lien claimants, it became necessary for some of the larger claimants to make further reduction in their claims. The receiver advised the International Supply Company of this fact, and Mr. Bradshaw, vice president of said company, called the Chemical Process Company at their office in Breckinridge, Tex., and advised them by telephone that the International Supply Company would guarantee the payment of their claim up to $1,350. The Chemical Process Company agreed to this proposal, but required the same to be evidenced by telegram, which telegram read as follows:

"G. R. Whitney—Chemical Process Co.

"We guarantee payment of your account not to exceed thirteen hundred fifty to be paid in thirty days in Wm. Clark receivership matter if all other claims are paid by receiver please wire receiver Littleton at Shawnee release your claim if others are paid.

"International Supply Company."

The Chemical Process Company then wired Clarence Robison, its attorney of record, at Shawnee, Okla., as follows:

"Clarence Robinson Attorney,

"This is your authority release our claim in William Clark receivership if all other claims are paid by receiver as we have accepted guarantee from International Supply Company stop guarantee does not cover your fee which should be paid by receiver.

"Chemical Process Company."

This was in the midafternoon of July 3, 1935, and the parties were anxious to close the matter on that date. Mr. Robison went to the courthouse, where all the parties interested in the case were present in person or by counsel, and there advised the receiver that the Chemical Process Company would release its lien and would look to the International Supply Company for payment of its account. It was possible then to secure a loan for $30,500, which was done, and all lien claimants, with the exception of those claims which were purchased or guaranteed by the International Supply Company, were paid from the proceeds of the loan. The Chemical Process Company not only released its lien, but dismissed its petition in intervention, and the court, in the receivership case, thereafter found that all claims against the leases had been paid or satisfied and released, and entered its order to that effect. The receiver filed his final report and it was approved and he was discharged.

The International Supply Company held liens against the receivership property to the extent of $18,000, but these were subsequent and inferior to the first and prior liens in the sum of $51,000. It was, therefore, an appreciable benefit to this company to effect a settlement with prior lienors reducing the amount of prior liens from $51,000 to $30,500, and getting the property released from the receivership, and thus enabling it to secure its claim by chattel mortgage on certain personal property cleared by these transactions.

The defendant, International Supply Company, seeks to avoid its liability upon the alleged ground that the plaintiff, Chemical Process Company, failed to comply with the offer of guaranty. In this connection it is contended that the offer by telegram required an acceptance by telegram. Under the facts and circumstances in this case, this contention is frivolous.

The evidence shows that the defendant, in its effort to secure the advantages sought by scaling down of the prior liens, called the plaintiff company by long distance telephone at Breckinridge, Tex., and made the offer, which was accepted over the telephone. The plaintiff required the defendant to send the telegram as evidence of the guaranty for plaintiff's protection. Then the defendant put in the telegram the condition: "if all other claims are paid by the receiver." Whatever settlement was made by the receiver was agreed to and acquiesced in by the defendant, and the benefits and advantages were accepted by the defendant, and nowhere in the case do we find an offer by the defendant to reinstate plaintiff's prior lien for $2,100 against the property that it took to secure its own claims. The evidence does not show a valid defense to the action.

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON and ARNOLD, JJ., absent.